UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:11-CR-00186-JLT |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A) |
| v. | |
| RAFAEL VELASCO, | (Doc. 87) |
| Defendant. | |

Rafael Velasco is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 87.) Velasco argues that "the COVID-19 pandemic, combined with [his] vulnerable condition and other circumstances in this case present extraordinary and compelling circumstances that warrant a sentence reduction." (Doc. 87 at 1.) The Government opposes Velasco's motion, arguing that "§ 3582(c)(1)(A) contemplates sentence reduction for specific individuals—not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a viral pandemic which now, is largely over." (Doc. 100 at 7.) Velasco did not file a reply. For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Velasco pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 on August 22, 2013. (Doc. 81 at 4.) The applicable offense level was 35 and Velasco's criminal history category was

1

III. (*Id*. at 3.) Based on this, the sentencing guidelines called for 210-262 months. (*Id*.) Velasco was sentenced to 168 months. (Doc. 82.)

Velasco is currently incarcerated at FCI Berlin and has a projected release date of April 2, 2025. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 16, 2024).) On June 6, 2021, Velasco moved for compassionate release alleging lack of proper care for his health conditions in light of the COVID-19 pandemic. (Doc. 87.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, a defendant petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. New sentencing guidelines went into effect on November 1, 2023. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous policy statement issued in 2006). The amendments contain six types of circumstances that may qualify as

2

"extraordinary and compelling." *Id*. These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. USSG §1B1.13, p.s. (last amended Nov. 1, 2023). If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**ANALYSIS**

**A.     Administrative Exhaustion**

Velasco submitted his request for compassionate release to the warden on March 30, 2021. (Doc. 87 at 12-16.) The warden denied his request on April 15, 2021. (*Id*.) Section 3582(c)(1)(A) of Title 18 of the United States Code permits an inmate to move for compassionate release after either exhausting their administrative remedies or 30 days after they submit their request to the Warden. Since Velasco's request has been denied, he has exhausted his administrative remedies and is permitted to file this motion. The Government agrees that Velasco has exhausted his administrative remedies. (Doc. 100 at 4.)

**B.     Extraordinary and Compelling Reasons**

Velasco argues that he qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) because "of his debilitating physical condition, his continuing health in combination with the amount of time served, along with the impact of the global pandemic." (Doc. 87 at 2.) Velasco further elaborates that he "has and presently is suffering a continuous inability to receive treatment for his medical issue." (*Id*.) Velasco describes delays in receiving treatment for a "bulging disk in his neck and a rare fluid called syrinx in the middle of his back." (*Id*. at 3.)

The government argues that "BOP is monitoring and treating Velasco's heath conditions as needed." (Doc. 100 at 8.) The most recent mention of the bulge and the syrinx in Velasco's BOP medical records was on September 22, 2022. (Doc. 104 at 29.) At the time, the physician noted that there was no "concerning pathology" and that Velasco "denie[d] any pain in a dermatomal distribution and denies any difficulty breathing." (*Id*.) Furthermore, Velasco

reported that he takes Tylenol for his neck pain and there is no indication that this is insufficient to treat his pain. (*Id*. at 2.)

Velasco's conditions do not rise to the level of extraordinary and compelling. His medical records indicate that these conditions are being treated. (Doc. 104.) While the Court was unable to find a case with Velasco's conditions, diagnoses for chronic conditions that are treatable by the BOP do not establish extraordinary and compelling reasons that merit compassionate release. *See United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. George*, No. 1:17-CR-00030-JLT-SKO, 2022 WL 17812892 (E.D. Cal. Dec. 19, 2022) (finding that a diagnoses for chronic conditions that were being monitored and treated did not establish extraordinary and compelling reasons for compassionate release); *United States v. Aguilar-Cortez*, No. 2:95-CR-20 WBS, 2022 WL 118407, at *1 (E.D. Cal. Jan. 12, 2022) (denying compassionate release of defendant suffering from chronic conditions based in part on BOP's ability to treat his medical conditions). Similarly, courts in this district have found that conditions causing chronic pain do not rise to the level of extraordinary and compelling. *See United States v. Mendez*, No. 2:11-CR-00356 KJM, 2021 WL 2003202, at *2 (E.D. Cal. May 19, 2021) ("While the court can sympathize with conditions manifesting as chronic pain and mental health illness, they do not demonstrate an extraordinary and compelling reason to reduce [defendant's] sentence here.")

Velasco also argues that he is at "grave risk" because of the COVID-19 pandemic. (doc. 87 at 1.) He states that "[j]ails and prisons are among the most dangerous places to be during an epidemic because they create the ideal environment for transmission, [sic] of contagious diseases." (*Id*.) The COVID-19 pandemic does not elevate chronic conditions that the BOP is capable of treating, to extraordinary and compelling. *See United States v. George*, No. 1:17-CR-00030-JLT-SKO, 2022 WL 17812892 (E.D. Cal. Dec. 19, 2022) (finding that a diagnoses for chronic conditions that were being monitored and treated did not establish extraordinary and compelling reasons during the COVID-19 pandemic).

Furthermore, Velasco's medical records indicate that he has recovered from a case of

1  COVID-19 in October 2021. (Doc. 104 at 13.) This and other courts have treated recovery from
2  a previous COVID-19 diagnosis a factor that mitigates the risk from the virus. *See United States*
3  *v. Godoy-Machuca*, No. 21-10093, 2021 WL 7906521 (9th Cir. Dec. 17, 2021) (affirming denial
4  of defendant's compassionate release motion in part because prior recovery from COVID-19
5  mitigated the risk); *United States v. Gonzalez*, No. 116CR00187JLTBAM1, 2024 WL 150269
6  (E.D. Cal. Jan. 12, 2024) (denying compassionate release to defendant suffering from chronic
7  conditions in part because of his prior COVID-19 diagnoses and recovery.) Based on the
8  foregoing, the Court finds that Velasco has not established that extraordinary and compelling
9  reasons meriting his release exist.

10 **C.  Consistency with the § 3553(a) Factors**

11  Because the Court concludes that Velasco's request is not supported by "extraordinary
12  and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United*
13  *States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform
14  this sequential inquiry before it grants compassionate release, a district court that properly denies
15  compassionate release need not evaluate each step").

16 **D.  Velasco's § 1983 claims are improper before this Court**

17  While the Court is primarily denying this motion based on the lack of extraordinary and
18  compelling reasons, it also notes that it is somewhat unclear whether Velasco intended to file an
19  action under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Velasco asserts that he "will
20  show that this facility and medical services that he has to rely on, is deliberately indifferent to
21  petitioner's serious medical needs which rises to the level of violating petitioner's eighth
22  amendment rights prohibiting cruel and unusual punishment." (Doc. 87 at 2.) To the extent that
23  Velasco intended to file a civil rights lawsuit, this criminal case is not the appropriate venue to
24  pursue those claims. *United States v. Bolanos*, No. 1:13-CR-0362 AWI-1, 2021 WL 1427233, at
25  *1 (E.D. Cal. Apr. 14, 2021) Furthermore, venue would not be appropriate in this district
26  because the events giving rise to the complaint did not arise in this district. 28 U.S.C.A. § 1391.
27  The Court does not express an opinion regarding the merit, validity, or plausibility of any
28  § 1983 claims. The Court merely notes that § 1983 claims should be brought in a civil lawsuit in

the district where Velasco is currently incarcerated.

## CONCLUSION

For the reasons discussed above, Defendant Velasco's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 87), is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 23, 2024**

UNITED STATES DISTRICT JUDGE